UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIE STEWART,

              Petitioner,

V.

DEBORAH SCHULT,

              Respondent.

**REPORT AND RECOMMENDATION**

07-CV-1063
(GLS/VEB)

---

## I. INTRODUCTION

Petitioner Willie Stewart, acting *pro se*, commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia. In 1984, Petitioner was convicted in the District of Columbia for carrying a pistol without a license and possession with intent to distribute a controlled substance and was sentenced to a term of imprisonment. Petitioner was later paroled. Petitioner does not challenge his conviction. Instead, he contests the decision of a hearing examiner at the Federal Detention Center ("FDC") in Philadelphia, Pennsylvania recommending that his parole be revoked.

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is presently before this Court for a report and recommendation. (Docket No. 12).

## II. BACKGROUND

    **A.**    **Facts**

In June of 1984, Petitioner, who is sixty-two (62) years old as of 2008, was sentenced to a two (2) to six (6) year prison term by the United States District Court of the District of Columbia for carrying a pistol without a license and possession with intent to distribute a controlled substance in February of 1984. (Docket No. 11 at "Exhibit B"). Petitioner began serving his sentence on June 20, 1988 and was later paroled on June 18, 1990 by the United States Parole Commission ("Commission"). (Docket No. 11 at "Exhibit D").

On February 4, 1992, the Commission issued a parole violator warrant for Petitioner's violation of the conditions of his release by failing to report his arrest for firearms related criminal offenses. (Id. at "Exhibit E"). The warrant was to be lodged as a detainer if Petitioner was already in custody or if there were other outstanding criminal warrants against him. (Id.). Thereafter, the Commission learned that Petitioner had also been convicted and sentenced in Virginia in August of 1993 to a twenty-seven (27) year prison term for robbery, use of a firearm during a felony, and a possession of a firearm by a convicted felon. (Id. at "Exhibit F"). In September of 1993, the Commission added these new crimes as parole violation charges in a supplemental warrant that was placed as a detainer against Petitioner at the Greensville Correctional Center in Jarrett, Virginia.

On December 21, 1996, the Commission conducted a dispositional review of the warrant and decided to leave the warrant as a detainer with state authorities. (Id. at "Exhibit I"). Thereafter, the warrant was executed and Petitioner was arrested on the parole violator warrant on September 21, 2006. (Id. at "Exhibit J"). In November of 2006, Petitioner was notified by the Commission that it had found probable cause as a result of

Petitioner's 1993 state convictions for parole violations to continue with revocation proceedings against Petitioner. (Id. at "Exhibit K").

Petitioner was then transferred to the FDC Philadelphia, Pennsylvania where he participated in a final parole revocation hearing on February 17, 2007. (Id. at "Exhibit L"). Petitioner admitted all of the charges and evidence of his guilt on the criminal charges was presented in the form of certified documents establishing Petitioner's Virginia state convictions. After the revocation hearing, the Commission revoked Petitioner's parole, and forfeited all of the time he had spent on parole, and continued him to the expiration of the remainder of his original six year District of Columbia sentence. (Id. at "Exhibit M").

Sometime after the Commission's decision, Petitioner was transferred to FCI Ray Brook in New York State, where, prior to his transfer to Gilmer, he filed the instant petition contesting the decision of the Commission and requesting immediate release from incarceration. (Docket No. 5).

### B. Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on October 9, 2007, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1). Thereafter, he filed an Amended Petition on December 28, 2007. (Docket No. 5). At the time he filed his petition, Petitioner had been transferred to and was an inmate at FCI Ray Brook in New York State.[1]  In his Petition, Petitioner contests the decision of the

---

[1] It should be noted that Petitioner failed to inform the Court of his change of address after he left FCI Ray Brook in New York. Local Rule 10.1(b) states that "[a]ll attorneys of record and pro se litigants must immediately notify the Court of any change of address." Moreover, Local Rule 41.2(b) specifically provides that failure to notify the Court of an address change pursuant to Rule 10.1(b) "may result in the

Commission to revoke his parole and requests immediate release from incarceration. (Docket No. 5).

### III. DISCUSSION

**A.     Federal Habeas Corpus Standard**

To obtain a federal writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States.  Habeas corpus is appropriate only for challenges to the "fact or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Peralta v. Vasquez, 467 F.3d 98, 102 (2d Cir.2006); see also, Jenkins v. Haubert, 179 F.3d 19, 22 (2d Cir.1999) (discussing habeas relief for prisoners under Preiser.).

A petition filed pursuant to § 2241 "generally challenges the execution of a federal prisoner's sentence," rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001).  A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence. Id.; see also Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

**B.     Jurisdiction**

As a threshold matter, Petitioner's transfer to FCI Gilmer in West Virginia raises the

---

dismissal of any pending action." However, a review of the Federal Bureau of Prisons' website readily reveals that Petitioner has been transferred to FCI Gilmer in Northern West Virginia.  See www.bop.gov/ Therefore, given the fact that Petitioner is proceeding *pro se* and it is unclear when he was transferred to FCI Gilmer, this Court does not recommend dismissal for failure to change address.

question of whether this Court has jurisdiction to review his habeas petition.  This is especially the case in light of the fact that none of the events that occurred with respect to Petitioner's parole revocation occurred in this district or New York State.  FCI Ray Brook was only Petitioner's temporary custodian after his parole had been revoked and the place from where he filed his petition.

It is well-settled that a court cannot entertain a habeas corpus petition unless it has jurisdiction over the petitioner's custodian.  Billiteri v. United States Bd. of Parole 541 F.2d 938, 948 (2d Cir. 1976).  In the present case, this Court no longer has personal jurisdiction over the warden of the correctional facility where Petitioner is incarcerated and the Petition should accordingly be transferred to the United States District Court for the District of Northern West Virginia.  See, e.g. Cantatore v. United States, No. CV-90-3649, 1991 WL 81932, at *2 (E.D.N.Y. May 7, 1991) (transferring petition to district of confinement because claims challenging parole board actions must be presented to "a district court located in the place where the petitioner is in custody"); Tejeda v. Reno, No. 00-CIV-6338, 2000 WL 1280969, at *1, *4 (transferring habeas challenge to conditions of confinement because petitioner's custodian was warden of Indiana prison, "a person not subject to the personal jurisdiction" of the court); cf. also Aster v. United States, No. 89-2129, 1992 WL 198137, at *5 (E.D.N.Y. Aug. 3, 1992).  "The person with immediate control over the prisoner has the literal power to 'produce' the body and is generally located in the same place as the petitioner, thereby simplifying venue problems." Henderson v. I.N.S., 157 F.3d 106, 122 (2d Cir. 1998).

As such, because this Court does not have jurisdiction over Petitioner's custodian in Northern West Virginia, this case should be transferred to the United States District Court

for the district of Northern West Virginia.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Willie Stewart's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the district of Northern West Virginia and that the Clerk of the Court be directed to close this case.

Respectfully submitted,

DATED:   January 5, 2009

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b)**

**of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

January 5, 2009

Victor E. Bianchini
United States Magistrate Judge